**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| AMBER CAVE, and ANTHONY BOOTHE, on behalf of themselves and all similarly situated individuals, | : : : : | CIVIL ACTION NO.: 2:23-cv-2262 |
| Plaintiffs, | : : | JUDGE: |
| v. | : : | |
| CRITICAL PROTECTION SERVICES LLC, | : : | **JURY DEMANDED** |
| | : : : | |
| Defendant. | : | |

## 29 U.S.C. § 216(b) AND CLASS ACTION COMPLAINT

This is an action brought by Amber Cave, and Anthony Boothe ("Named Plaintiffs") on behalf of themselves and all current and former similarly situated employees ("Employees Entitled to Notice") who worked for Critical Protection Services, LLC ("Defendant" or "Defendant Critical Protection") at any time within the period of three (3) years preceding the granting of court-supervised notice through the date of judgment to recover compensation, liquidated damages, treble damages, attorneys' fees and costs, and other equitable relief pursuant to the provisions of Sections 203, 206, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b).

Named Plaintiffs bring the Ohio Constitution, Article II, Section 34a ("Section 34a"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60 claims as to recover

compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief pursuant to Fed. Civil P. Rule 23.

The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

2. This Court has supplemental jurisdiction over Named Plaintiff's Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

3. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred at Defendant's event sites within Morrow County, Ohio.

## II. THE PARTIES

4. Amber Cave is an adult resident of Columbus, Ohio residing at 87 North Yale Avenue, Columbus, Ohio 43222 and was formerly employed by Defendant as a Security Guard and Supervisor from approximately April 2022 to May 2023. Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

5. Anthony Boothe is an adult resident of Columbus, Ohio residing at 87 North Yale Avenue, Columbus, Ohio 43222 and was formerly employed by Defendant as a Security Guard and Supervisor from approximately February 2022 to June 2023. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit B**.

6. Defendant Critical Protection Services, LLC is a domestic for-profit limited liability company licensed to do business in Ohio and currently doing business at 7395 Township

Road 58 Mount Gilead, Ohio 43338. Process may be served upon its Registered Agent, Dustin Good, at P.O. Box 386 Mount Gilead, Ohio 43338.

### III. STATEMENT OF FACTS

7.     During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA, Section 34a, and the Ohio Acts.

8.     During all times material to this Complaint, Defendant employed Named Plaintiffs and Defendant's current and former similarly situated employees ("Employees Entitled to Notice") within the meaning of the FLSA, Section 34a, and the Ohio Acts.

9.     During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

10.     During all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice have been Defendant's employees pursuant to Section 34a and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

11.     During all times material to this Complaint, Defendant hired the Named Plaintiffs and the Employees Entitled to Notice to work at Defendant's benefit as Security Guards, and to patrol strip malls, buildings, or events for panhandlers or thieves.

12.     Defendant uses employees like the Named Plaintiffs and the Employees Entitled to Notice to monitor location sites, keep panhandlers out of events, patrol areas, ask unwanted participants to leave, and call the police when issues arise.

13.     During all times material to the Complaint, Named Plaintiffs and the Employees Entitled to Notices' primary duties were those of a security guard, as those jobs are described pursuant to 29 C.F.R. § 541.115 and thus were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

14.     Named Plaintiff and the Employees Entitled to Notice received several paychecks from Defendant that bounced due to "insufficient funds" and as a result, none of them were able to receive the compensation that was owed to them for all hours worked.

15.     To the date of the filing of this Complaint, Named Plaintiffs and the Employees Entitled to Notice have yet to receive paychecks owed to them by Defendant for work they have already performed for Defendant's benefit.

16.     Indeed, Named Plaintiffs and the Employees Entitled to Notice are owed several weeks' worth of work performed while employed by Defendant.

17.     Upon information and belief, Plaintiff Cave reached out to the owner of Critical Protection Services LCC, Dustin Good ("Mr. Good"), and an individual involved in Defendant's management, Robert Works ("Mr. Works"), in approximately April 2023 to inquire about why she and her other co-workers were receiving paychecks that bounced and when they would be receiving their owed payment for work already performed.

18.     Upon information and belief, Mr. Good and Mr. Works told Plaintiff Cave that the reasons employees were having their checks bounced was due to an error on the ADP App that Named Plaintiffs and the Employees Entitled to Notice used daily to clock in and out of work.

19.     However, after each attempt to deposit paychecks received from Defendant, Named Plaintiffs and the Employees Entitled to Notice received statements from their banks claiming that the checks bounced due to Defendant's account having "insufficient funds."

20.     In approximately May 2023, Plaintiff Cave reached out to Mr. Good regarding the unpaid hours, and Mr. Good told Plaintiff Cave that there would be new checks sent out to correct the issue. However, no new checks ever arrived.

21.     Resultingly, Named Plaintiffs and the Employees Entitled to Notice are similarly situated because they are still owed for approximately hundreds to thousands of hours worked under Defendant's employment and for Defendant's benefit.

22.     As a result of this failure to pay Named Plaintiffs and the Employees Entitled to Notice, Defendant violated the FLSA's and Ohio's minimum wage provisions as it has not compensated Named Plaintiffs and the Employees Entitled to Notice at the federal and Ohio statutorily mandated minimum wage and/or overtime wages for *all hours worked*.

23.     As of the filing of this Complaint, Named Plaintiffs and the Employees Entitled to Notice have not been paid all the wages they earned while working for Defendant, and those unpaid wages have gone unpaid for more than thirty (30) days.

24.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay all the Named Plaintiffs' and Employees Entitled to Notices' at least the federal or the Ohio minimum wage for all hours worked in this action and/or did not pay for 150% of their regular rate for all hours worked over forty (40) in a workweek.

25.     Because Defendant's violation of the FLSA for failing to pay at least the relevant minimum wages for all hours worked were the same for the Named Plaintiffs and each of the Employees Entitled to Notice, Name Plaintiffs are seeking Court Supervised Notice pursuant to 29 U.S.C. § 216(b) as the Named Plaintiffs and the Employees Entitled to Notice are similarly situated.

26.     Because Defendant's violation of the Ohio Acts for failing to pay at least the relevant minimum wages for all hours worked were the same for the Named Plaintiffs and each of

the Employees Entitled to Notice, Name Plaintiffs are seeking class treatment pursuant to Fed. Civil P. Rule 23.

## FACTS AS TO NAMED PLAINTIFF CAVE'S INDIVIDUAL OVERTIME CLAIMS

27.     Plaintiff Cave was employed by Defendant as a Security Guard and a Security Guard Supervisor from approximately February 11, 2022, to June 2023.

28.     As a Security Guard, Plaintiff Cave's primary duties were to monitor location sites, keep panhandlers out of events, patrol areas, asking unwanted participants to leave, and calling the police when issues arose. This is how she spent nearly the entirety of her shift.

29.     As a Security Guard, Plaintiff Cave was a non-exempt employee who was paid hourly.

30.     Approximately November 2021, Plaintiff Cave was given the title of Security Guard Supervisor and Defendant started paying her a "salary" despite being a non-exempt employee.

31.     As a Security Guard Supervisor, Plaintiff Cave's primary duties continued to be monitoring location sites, keeping panhandlers out of events, patrolling areas, asking unwanted participants to leave, and calling the police when issues arose.

32.     In addition to her primary duties, as a Security Guard Supervisor, Plaintiff Cave assisted management with scheduling, filling in for people as needed, and dealing with complaints from co-workers.

33.     As a Security Guard Supervisor, Plaintiff Cave worked alongside fellow Security Guards performing the same tasks.

34.     During her employment as a Security Guard Supervisor, Plaintiff Cave spent a substantial amount of her time at work completing non-supervisory duties, alongside her fellow Security Guard co-workers.

35.     Indeed, Plaintiff Cave spent more than 20% of her time working alongside her fellow Security Guard co-workers performing duties such as watching event sites, keeping panhandlers out of events, patrolling areas, asking unwanted participants to leave, and calling the police when issues arose.

36.     Further, Plaintiff Cave had little discretion and acted no different than a line-worker or a working foreman. Her job duties consisted of taking orders from those directly above her. Plaintiff Cave did not have the authority to hire or fire other employees, nor did she ever regularly direct the work of two or more other salaried employees.

37.     Plaintiff Cave worked in-excess of forty (40) hours per week in most of the weeks she worked as a Security Guard and as a Security Guard Supervisor. The difference is that when Defendant changed her title they did not pay her at a rate of 150% of her regular rate for all hours worked over forty (40) in a workweek.

38.     Because Plaintiff Cave did not meet the duties test for the executive exemption, Defendant was obligated to pay her at a rate of 150% of her regular rate for all hours worked over forty (40) in a workweek.

39.     Additionally, because Plaintiff Cave's substantial time spent performing work alongside her alongside fellow Security Guards performing the same tasks, Plaintiff Cave was a non-exempt employee under the Working Foreman exception C.F.R. § 541.115, obligating Defendant to pay her at a rate of 150% of her regular rate for all hours worked over forty (40) in a workweek.

40.     By not paying Plaintiff Cave a rate of 150% of her regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated the FLSA and the Ohio Wage Act.

## FACTS AS TO NAMED PLAINTIFF BOOTHE'S INDIVIDUAL OVERTIME CLAIMS

41.     Plaintiff Boothe was employed by Defendant as a Security Guard and Supervisor from approximately February 2022 to June 2023.

42.     As a Security Guard, Plaintiff Boothe spent the majority of his time at work monitoring location sites, keeping panhandlers out of events, patrolling areas, asking unwanted participants to leave, and calling the police when issues arose. This is how he spent nearly the entirety of his shift.

43.     As a Security Guard, Plaintiff Boothe was a non-exempt employee who was paid hourly.

44.     Approximately November 2021, Plaintiff Boothe was given the title of Security Guard Supervisor and Defendant started paying him a "salary" despite being a non-exempt employee.

45.     As a Security Guard Supervisor, Plaintiff Boothe's primary duties continued to be monitoring location sites, keeping panhandlers out of events, patrolling areas, asking unwanted participants to leave, and calling the police when issues arose.

46.     In addition to his primary duties, as Security Guard Supervisor, Plaintiff Boothe assisted management with scheduling, filling in for people as needed, and dealing with complaints from co-workers.

47.     During his employment as a Security Guard Supervisor, Plaintiff Boothe spent a substantial amount of his time at work completing non-supervisory duties, alongside her fellow Security Guard co-workers.

48.     Indeed, Plaintiff Boothe spent more than 20% of his time working alongside his subordinates performing duties such as watching event sites, keeping panhandlers out of events, patrolling areas, asking unwanted participants to leave, and calling the police when issues arose.

49.     Further, Plaintiff Boothe had little discretion and acted no different than a line-worker or supervisor. His job duties consisted of taking orders from those directly above him. Plaintiff Boothe did not have the authority to hire or fire other employees, nor did he ever regularly direct the work of two or more other salaried employees.

50.     Plaintiff Boothe worked in-excess of forty (40) hours per week in most of the weeks he worked as a Security Guard and as a Security Guard Officer. The difference is that when Defendant changed his title, they did not pay him at a rate of 150% of his regular rate for all hours worked over forty (40) in a workweek.

51.     Because Plaintiff Boothe did not meet the duties test for the executive exemption, Defendant was obligated to pay him at a rate of 150% of his regular rate for all hours worked over forty (40) in a workweek.

52.     Additionally, because Plaintiff Boothe's substantial time spent performing work alongside his fellow Security Guards performing the same tasks, Plaintiff Boothe was a non-exempt employee under the Working Foreman exception C.F.R. § 541.115, obligating Defendant to pay him at a rate of 150% of his regular rate for all hours worked over forty (40) in a workweek.

53.     By not paying Plaintiff Boothe at a rate of 150% of his regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated the FLSA and Ohio Wage Act.

## IV.  CAUSES OF ACTION

### COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

### A.  FLSA COVERAGE

54.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

55.     Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

**All Security Guards who have been employed by Critical Protection Services, LLC at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment who were not paid at least the federal minimum wage for all hours worked.** ("Employees Entitled to Notice" or "Employees Entitled to Notice Group Members")

56. Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice Group Members they seek to have the Court serve notice based upon further investigation and discovery.

57. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

58. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

59. During the respective period of the Named Plaintiffs' and the Employees Entitled to Notices' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

60. In performing the operations hereinabove described Named Plaintiffs and the Employees Entitled to Notice have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

61. Specifically, Named Plaintiffs and the Employees Entitled to Notice are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

62.     At all times hereinafter mentioned, Named Plaintiffs and the Employees Entitled to Notice are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

63.     The precise size and identity of the proposed Employees Entitled to Notice Group Members should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

64.     Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory minimum wages.

65.     Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid at least the federal minimum wage for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

66.     The Named Plaintiffs and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal minimum wages.

67.     Named Plaintiffs seek to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

68.     Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

69.     Named Plaintiffs intend to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

70.     Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to pay at least the federal minimum wage for all hours worked. As a result of Defendant's FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## FED. CIV. RULE 23 CLASS ACTION ALLEGATIONS

71.     Named Plaintiffs bring their Ohio Wage Act and OPPA claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> **All Security Guards who have been employed by Critical Protection Services, LLC ("Defendant") at any time within the period of three (3) years preceding the filing of Plaintiff's complaint through the date of judgment who were not paid at least the Ohio minimum wage for all hours they worked ("Ohio Acts Rule 23 Class").**

72.     Named Plaintiffs reserve the right to amend and refine the definition of the Ohio Acts Rule 23 Class they seek to represent based upon further investigation and discovery.

73.     The number and identity of the Ohio Acts Rule 23 Class are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

74.     The Ohio Acts Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

75.    Upon information and belief, there are more than 50 Ohio Acts Rule 23 Class members.

76.    Named Plaintiffs' claims are typical of those claims which could be alleged by any Ohio Acts Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Ohio Acts Rule 23 Class member in separate actions.

77.    Named Plaintiffs and the Ohio Acts Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay at least the Ohio minimum wage for all hours worked.

78.    Named Plaintiffs and the Ohio Acts Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with Section 34a, the Ohio Wage Act and the OPPA.

79.    Named Plaintiffs and the Ohio Acts Rule 23 Class members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct.  Defendant's corporate wide policies, practices and willful conduct affected the Ohio Acts Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Acts Rule 23 Class members.

80.    Named Plaintiffs and the Ohio Acts Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

81.    Named Plaintiffs are able to protect the interests of the Ohio Acts Rule 23 Class members and have no interests antagonistic to the Ohio Acts Rule 23 Class fairly and adequately.

82.    Named Plaintiffs and the Ohio Acts Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

83.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on

behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

84.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

85.     Common questions of law and fact exist as to the Named Plaintiffs and the Ohio Acts Rule 23 Class that predominate over any questions only affecting Named Plaintiffs and the Ohio Acts Rule 23 Class members individually and include, but are not limited to:

    a.  Whether Defendant improperly failed to pay the Named Plaintiffs and the Ohio Acts Rule 23 Class members at least the Ohio minimum wage for all hours worked;

    b.  Whether the wages owed to the Named Plaintiffs and the Ohio Acts Rule 23 Class members remain unpaid for more than thirty (30) days;

    c.  Whether Defendant's companywide decision to not pay the Named Plaintiffs and the Ohio Acts Rule 23 Class members at least the Ohio minimum wage for all hours they worked was willful and without a good faith basis;

    d.  The nature and extent of class-wide injury and the measure of damages for those injuries.

86.     Named Plaintiffs and the Ohio Acts Rule 23 Class members have been damaged by Defendant's willful refusal to pay at least the Ohio minimum wage for all hours worked and to make that payment within thirty (30) days of the works' performance.

87.     As a result of Defendant's Section 34a, Ohio Wage Act and OPPA violations, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are entitled to damages, including, but not limited to, unpaid wages, treble damages, liquidated damages, costs, and attorneys' fees.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGES

88.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

89.     During the time period from approximately three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice to the present, Defendant was Named Plaintiffs' and the Employees Entitled to Notices' "employer" within the meaning of 29 U.S.C. § 203(d) and subject to the provisions of the FLSA.

90.     During the time period from approximately three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice to the present, Named Plaintiffs and the Employees Entitled to Notice were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

91.     During the time period from approximately three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice to the present, Defendant employed Named Plaintiffs and the Employees Entitled to Notice within the meaning of 29 U.S.C. § 203(g).

92.     During all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice were not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the FLSA's mandate to pay at least the federal minimum wage for all hours worked.

93.     At all times material to this Complaint, Defendant failed to pay Named Plaintiffs and the Employees Entitled to Notice the federal minimum wage for all hours worked, in violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

94.     Named Plaintiffs and the Employees Entitled to Notice should have been paid at least the federal minimum wage for all hours worked during the three years from the filing date of the Complaint.

95.     At all times material to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Named Plaintiffs and the Employees Entitled to Notice at least the federal minimum wage for all hours worked.

96.     Defendant knew or should have known of the minimum wage requirements of the FLSA; thus Defendant willfully violated the FLSA as to the Named Plaintiffs and the Employees Entitled to Notice Group Members.

97.     Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provision of the FLSA.

98.     Named Plaintiffs and the Employees Entitled to Notice are entitled to unpaid federal minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which the Plaintiffs and the Employees Entitled to Notice have suffered and continue to suffer damages.

### COUNT II
### VIOLATION OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION FOR FAILURE TO PAY THE OHIO MINIMUM WAGE

99.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

100.    Section 34a of Article II of the Ohio Constitution requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

101.    At all times material to this Complaint, in 2021, the Ohio minimum wage for non-exempt employees was $8.80 per hour.

102.    At all times material to this Complaint, in 2022 the Ohio minimum wage for non-exempt employees was $9.30 per hour.

103.    At all times material to this Complaint, in 2023, the Ohio minimum wage for non-exempt employees is $10.10 per hour.

104.    At all times material to this Complaint, Named Plaintiffs and the Ohio Acts Rule 23 Class members were not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

105.    At all times material to this Complaint, Defendant was an "employer" covered by Section 34a of the Ohio Constitution and has been thus required to comply with its mandates.

106.    At all times material to this Complaint, Named Plaintiffs and the Ohio Acts Rule 23 Class members were covered "employees" of Defendant pursuant to Section 34a of the Ohio Constitution and thus entitled to the Ohio Wage Act's protections.

107.    Named Plaintiffs and the Ohio Acts Rule 23 Class members were not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the Ohio minimum wage for the corresponding year they worked.

108.    Defendant violated the Ohio Constitution and the Ohio Wage Act by willfully refusing to pay Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members the statutorily mandated Ohio minimum wage for all hours worked.

109.    In violating Section 34a and the Ohio Wage Act, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

110.    Named Plaintiffs bring the Ohio Constitution and the Ohio Wage Act claims on behalf of the Ohio Rule 23 Minimum Wage Class members pursuant to Fed. Civil P. Rule 23.

## COUNT III
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGES

111.    Plaintiff Cave and Plaintiff Boothe re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs and bring their individual FLSA overtime claims.

112.    During all times relevant to this Complaint, Defendant was Plaintiff Cave's and Plaintiff Boothe's "employer" within the meaning of 29 U.S.C. § 203(d) and subject to the provisions of the FLSA.

113.    During all times relevant to this Complaint Plaintiff Cave and Plaintiff Boothe were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

114.    During all times relevant to this Complaint, Defendant employed Plaintiff Cave and Plaintiff Boothe within the meaning of 29 U.S.C. § 203(g).

115.    During all times material to this Complaint, Plaintiff Cave and Plaintiff Boothe were not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the FLSA's mandate to pay at least the federal minimum wage for all hours worked.

116.    During all times material to this Complaint, Plaintiff Cave and Plaintiff Boothe spent a substantial amount of their time (more than 20%) working alongside their subordinates performing duties such as watching event sites, keeping panhandlers out of events, patrolling areas, asking unwanted participants to leave, and calling the police when issues arose.

117.    At all times material to this Complaint, Defendant failed to pay Plaintiff Cave and Plaintiff Boothe the federal minimum wage for all hours worked, in violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

118.    Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff Cave and Plaintiff Boothe at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

119.    During all times material to this Complaint, Plaintiff Cave and Plaintiff Boothe should have been paid for all hours worked and the correct overtime rate for all hours worked in excess of forty hours per workweek.

120.    During all times relevant to this Complaint, Defendant employed Plaintiff Cave and Plaintiff Boothe to work as job titles in furtherance of its business of serving and responding to client's security needs.

121.    During all times relevant to this Complaint, Defendant regularly employed Plaintiff Cave and Plaintiff Boothe to work more than forty (40) hours in a workweek.

122.    During all times relevant to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff Cave and Plaintiff Boothe for all hours worked and the legally mandated overtime premium rate at no less than one and one-half their regular rate for all hours worked in excess of forty (40) in a workweek.

123.    During all times relevant to this Complaint, Defendant knew or should have known of the wage payment and overtime payment requirements of the FLSA.

124.    During all times relevant to this Complaint, Defendant willfully withheld and failed to pay for all hours worked and the correct overtime compensation to which Plaintiff Cave and Plaintiff Boothe are entitled.

125.    During all times relevant to this Complaint, Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provision of the FLSA.

126.    Plaintiff Cave and Plaintiff Boothe are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as

compensation for Defendant's violations of FLSA, by which they have suffered and continue to suffer damages.

**COUNT IV**
**OHIO WAGE ACT**
**FAILURE TO PAY OVERTIME WAGES**

127.    Plaintiff Cave and Plaintiff Boothe re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs and bring their individual Ohio overtime claims.

128.    The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.; see also* 29 U.S.C. § 206(b).

129.    The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

130.    At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and has been thus required to comply with its mandates.

131.    At all times relevant to this Complaint Plaintiff Cave and Plaintiff Boothe were covered "employees" of Defendant's pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

132.    At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff Cave and Plaintiff Boothe for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Plaintiff Cave and Plaintiff Boothe for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

133.    Indeed, at all times relevant to this Complaint, Plaintiff Cave and Plaintiff Boothe did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek when they were employed as Security Guard Supervisors.

134.    Plaintiff Cave and Plaintiff Boothe are not exempt from the wage protections of Ohio Law.

135.    During relevant times, Plaintiff Cave and Plaintiff Boothe were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see* C.F.R. § 541.115.

136.    In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

137.    Plaintiff Cave and Plaintiff Boothe are entitled to unpaid overtime and other compensation, interest and attorney's fees, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which Plaintiff Cave and Plaintiff Boothe have suffered and continue to suffer damages.

### COUNT V
### VIOLATION OF THE OHIO PROMPT PAY ACT ("OPPA")
### FAILURE TO PROMPTLY PAY WAGES

138.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

139.    At all times relevant to this Complaint, Defendant was Named Plaintiffs' and the Ohio Acts Rule 23 Class members' "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

140.    At all times material to this Complaint, Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members were covered employees within the meaning of OPPA. *See* O.R.C. § 4113.15.

141.    The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

142.    At all times material to this Complaint, Defendant has refused to pay Named Plaintiffs and the Ohio Acts Rule 23 Class all wages at the statutorily mandated Ohio minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

143.    Named Plaintiffs' and the Ohio Acts Rule 23 Class members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

144.    Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard for the OPPA's provisions.

145.    Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members are entitled to six percent (6%) of the wages or a minimum of $200.00 for violations of the OPPA and attorneys' fees.

146.    Named Plaintiffs bring the OPPA claims on behalf of the Ohio Rule 23 Minimum Wage Class members pursuant to Fed. Civil P. Rule 23

### COUNT VI
### VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

147.    Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

148.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

149.    By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the Employees Entitled to Notice have been injured as a result.

150.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

151.    As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the Employees Entitled to Notice are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves, the Employees Entitled to Notice, and the Ohio Acts Rule 23 Class, pray that this Court enter the following relief:

A.    For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B.    For an Order certifying the Ohio Acts Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C.    In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint;

D.    Issuing proper notice to the Employees Entitled to Notice at Defendant's expense;

E.    Unpaid federal minimum wages, overtime wages, and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the Employees Entitled to Notice;

F.    An Order certifying an Ohio Acts Rule 23 Minimum Wage Class pursuant to Federal Rule of Civil Procedure 23;

G.      Designation of the Named Plaintiffs as representatives of the Ohio Acts Rule 23 Class and counsel of record as Class Counsel;

H.      A declaratory judgment that the practice complained of herein is unlawful under Section 34a, the Ohio Wage Act and the OPPA;

I.      An award of unpaid minimum wages due under Section 34a and the Ohio Wage Act;

J.      An award of damages under Section 34a, based on Defendant's failure to pay minimum wages pursuant to Section 34a, calculated as an additional two times of back wages.

K.      Awarding Named Plaintiffs and the Ohio Acts Rule 23 Class members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

L.      Pursuant to O.R.C. § 4111.14(J), an Order awarding an amount set by the Court sufficient to compensate Named Plaintiffs and the Ohio Rule 23 Minimum Wage Class members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

M.      A finding that the Defendant acted willfully and without a good faith basis for its violations of the FLSA, Section 34a, the Ohio Wage Act and the OPPA;

N.      Compensatory and punitive damages under O.R.C. § 2307.60;

O.      Awarding pre-judgment and post-judgment interest;

P.      An award of prejudgment and post-judgment interest;

Q.      An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

R.      Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice, and the Ohio Acts Rule 23 Class members may be entitled.

WHEREFORE, Plaintiff Cave and Plaintiff Boothe, pray that this Court enter the following relief as to their individual overtime claims:

A.    A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

B.    An award of damages equal to 1.5 times their regular rate for all hours worked in excess of 40 in a workweek for each workweek they were not so paid;

C.    A finding that the Defendant acted willfully and without a good faith basis for its violations of the FLSA and the Ohio Wage Act;

D.    An award of liquidated damages;

E.    Awarding Plaintiff Cave and Plaintiff Boothe the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA;

F.    Compensatory and punitive damages under O.R.C. § 2307.60;

G.    Awarding pre-judgment and post-judgment interest;

H.    An award of prejudgment and post-judgment interest;

I.    An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

J.    Any other relief to which Plaintiff Cave and Plaintiff Boothe may be entitled.

Dated: July 14, 2023                                  Respectfully submitted,

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jacob A, Mikalov (OH Bar No. 0102121)
**Barkan Meizlish DeRose Cox, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorney for Plaintiffs.*