**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Amber Cave, et al, | |
| Plaintiffs, | Case No. 2:23-cv-2262 |
| v. | Judge Graham |
| Critical Protection Services LLC, et al., | Magistrate Judge Deavers |
| Defendant(s). | |

**ORDER**

This matter is before the Court upon Plaintiffs' *Motion for Default Judgment*, filed May 30, 2024. ECF No. 21. An *Entry of Default* against Defendant was entered by the Clerk on March 13, 2024. ECF No. 16. Plaintiffs seek a judgment for unpaid wages, banking fees, liquidated damages, Ohio Prompt Pay Act ("OPPA") damages, attorney's fees, and costs. Pls.' Mot., 8-9. Plaintiffs have submitted declarations from the five (5) Plaintiffs as well as Plaintiffs' counsel in support of the amounts sought. *See* Pls.' Mot., Ex. A-F, H. Plaintiffs represent that they have served their motion on the Defendant by regular mail. Pls.' Mot., 4.

Plaintiffs Amber Cave, Anthony Booth, Audrey Booth, David Hopkins, and Khalil Penn ("Plaintiffs") are former employees of Defendant Critical Protection Services LLC ("Defendant").[1] Plaintiff Cave and Plaintiff Anthony Booth commenced this action on July 14, 2023. Pls.' Compl., ECF No. 1. Plaintiff Audrey Booth, Plaintiff Hopkins, and Plaintiff Penn subsequently joined the action by filing notices of consent pursuant to 29 U.S.C. § 216. *See* ECF No. 3 (Audrey Booth Notice of Consent); ECF No. 7 (David Hopkins Notice of Consent); ECF No. 18 (Khalil Penn

---

[1] On February 1, 2023, Defendant filed a "Declaration of Conversion" with the Ohio Secretary of State to change its name to "Critical Protection Services, Inc." Plaintiffs have pleaded their claims against both entity names; the Court refers to both collectively as "Defendant."

[1]

Notice of Consent). All Plaintiffs were employed as security guards, while Plaintiff Cave and Plaintiff Anthony Booth were employed as security guard supervisors, which entailed some additional responsibilities on top of the regular security guard work. Pls.' Mot., 5. At all relevant times, Defendant was a domestic, for-profit limited liability company licensed to do business in Ohio. Am. Compl., ¶¶ 6-8.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the Court accepts plaintiff's well-pled allegations as to a defendant's liability as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a sufficient basis exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal quotations omitted).

The Fair Labor Standards Act ("FLSA") requires that employers pay employees at least the federal minimum wage for all hours worked, notwithstanding certain job classifications which are exempt from the mandate. 29 U.S.C. § 206(a). Additionally, the FLSA requires that employees be compensated for overtime, i.e., "compensation for his employment in excess of the [hours specified] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). A similar mandate is set forth in Article II, Section 34A of the Ohio Constitution, which provides that all employers shall pay employees not less than the Ohio minimum wage, as that wage is set forth in Section 34A. Ohio Const. Article II, Section 34a. Likewise, the Ohio Wage Act ("OWA") mandates overtime pay pursuant to O.R.C. § 4111.03(A). Finally, the Ohio Prompt Pay Act ("OPPA") specifies certain penalties for employers who owe wages for a period of time exceeding thirty (30) days past the regularly scheduled payday. Ohio

Rev. Code Ann. § 4113.15 (West). Both the FLSA and the OWA contain statutory mechanisms for the recovery of attorney fees and court costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Ohio Rev. Code Ann. § 4111.10 (West) ("The employer shall pay the costs and reasonable attorney's fees allowed by the court.").

The amended complaint alleges that the Plaintiffs were employees of Defendant and that their primary duties were those of a security guard. Am. Compl., ¶ 15. Therefore, Plaintiffs "were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek." *Id.* Plaintiffs allege that Defendant failed to pay wages as required under the FLSA, OWA, and OPPA. Plaintiffs further allege that Defendant's failure to pay wages as required by the law resulted in overdraft fees charged to the Plaintiffs.

The Court finds that the Complaint and supporting materials sufficiently establish that Defendant failed to pay the Plaintiffs in the amount and manner required by the FLSA and OWA, and that this failure further damaged the Plaintiffs by causing them to incur overdraft fees. Furthermore, the Court finds that Defendant failed to answer or otherwise defend against Plaintiffs' complaint, and that Plaintiffs are therefore entitled to default judgment under Rule 55(b).

The Court may enter an award without a hearing when a plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Plaintiffs have submitted documentation supporting the amounts for which Defendant is liable and have also

submitted documentation supporting the amount of attorney fees and court costs. *See* Pls.' Mot., Exs. A-H. The Court finds these damages to be for a "sum certain." Fed. R. Civ. P. 55(b)(1).

As for attorney fees and costs, Plaintiffs seek an award of $20,424.00 in fees and $758.06 in court costs. The fees are based on a total of 60.7 hours of work performed by Barkan Meizlish DeRose Cox, L.L.P. ("Barkan Meizlish") plus 9.2 hours of work performed by Brian G. Miller Co., L.P.A. ("Miller Law"). The Barkan Meizlish work was performed at various billing rates; to wit, an hourly rate of $555 for Attorney DeRose (24.8hrs), a partner with 32 years of experience, an hourly rate of $300 for an associate (1.1hrs), an hourly rate of $170 for a senior paralegal (7.3hrs), an hourly rate of $150 for paralegals (10hrs), and an hourly rate of $115 for a law clerk (17.5hrs). The Miller Law work was also performed at various billing rates; to wit, an hourly rate of $350 for Attorney Sloan (1.7hrs), an hourly rate of $150 for a senior paralegal (2.5hrs), and an hourly rate of $115 for a law clerk (5hrs).

The Court frequently relies on the Ohio State Bar Association's attorney fee survey, last published in 2019. *The Economics of Law Practice in Ohio in 2019* 44-45 (Ohio State Bar Association, 2019). According to the 2019 fee survey, an hourly rate of $555, as requested by Plaintiffs, is in the 95th percentile of rates for offices located in downtown Columbus, without specifying practice areas or years in practice. The proposed hourly rate of $555 for Attorney DeRose would also—in 2019—exceed the 95th percentile of rates for similarly sized firms ($425) and the 95th percentile for practitioners with commensurate experience ($495). For an associate in a firm with 2-7 partners, an hourly rate of $300 lands between the 75th percentile ($250) and the 95th percentile ($350). Regarding paralegals, the OSBA survey reflects that less than 10% of "legal assistants"[2] with at least 10 years of experience at similarly sized firms had an hourly billing rate

---

[2] The OSBA survey does not use the term "paralegal."

[4]

of $170 (or higher), a share that grows to just over 10% when including those billing at a rate above $150. The survey does not provide data on law clerk billing rates.

Additionally, per the case law of this circuit, the Court considers the following factors:

> 1) the value of the benefit rendered to the [represented party], 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

The Court recognizes that rates have increased since the publication of the OSBA fee survey. Furthermore, Plaintiffs' counsel represents that they provided their services on a contingent fee basis, and there is a societal interest in rewarding attorneys who, like Plaintiffs' counsel, undertake such representation to vindicate the rights of employees to be fairly compensated under the FLSA. However, the Court also recognizes that this action was ultimately uncontested, thereby reducing the "complexity of the litigation" (and, necessarily, but with due respect to Plaintiffs' counsel, the professional skill and standing of counsel "on both sides"). *Id.* And yet, the total value of the benefit rendered to the Plaintiffs is less than the amount of attorney fees sought. Based on the above factors, and with the benefit of the OSBA fee survey, the Court finds that the rates requested as to Attorney DeRose and the Barkan Meizlish paralegals, situated near the extremes of the available data, are incongruent with the relative simplicity (i.e., lack of opposition) presented by the case. Therefore, the Court determines that a reasonable rate for Attorney DeRose is $450, a reasonable rate for a senior paralegal is $150, and a reasonable rate for paralegals is $140. The Court further finds that the rates requested as to the associate ($300) and the law clerk ($115) are both reasonable, as are the rates for the work performed by Miller Law.

The Court finds, upon the materials before it, that Plaintiffs are entitled to judgment in the amount of $17,910.50 in damages, an amount which includes the actual amount of unpaid wages, overdraft fees, liquidated damages pursuant to the FLSA, and additional damages pursuant to OPPA, as follows:

| Anthony Boothe | $4,060.26 |
|---|---|
| Audrey Boothe | $1,573.84 |
| Amber Cave | $4,871.94 |
| David Hopkins | $3,090.00 |
| Khalil Penn | $4,314.46 |
| **TOTAL** | **$17,910.50** |

Additionally, based on the reasonable rates determined by the Court, *supra*, Plaintiffs' counsel is entitled to an award of **$17,574.00** in fees and **$758.06** in court costs. Accordingly, the Court **GRANTS** default judgment in the total amount of **$36,242.56**.

    **IT IS SO ORDERED**.

DATE: June 27, 2024

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge